IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON PHILLIP CRIBBS,

          **Plaintiff,**

   v.                                         CASE NO. 20-3150-SAC

**KEVIN FRIEND,**
**Sheriff, Linn County,**

          **Defendant.**

**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed under 42 U.S.C. § 1983.  Mr. Cribbs proceeds *pro se* and *in forma pauperis*.  Plaintiff complains that he did not receive adequate medical care for a wound to his toe in 2017 and early 2018 and further complains about conditions at the Linn County Jail in Mound City, Kansas.  Plaintiff seeks $15 million in compensatory damages.

    On July 17, 2020, the Court entered a Memorandum and Order to Show Cause (ECF No. 8)("MOSC") ordering Plaintiff to show cause by August 17, 2020, why this matter should not be dismissed due to the deficiencies set forth.  Plaintiff filed a timely response to the MOSC (ECF No. 9).

    In his response, Plaintiff states he does not fully understand the MOSC, and he attaches two pages of medical records from December of 2017.  The records do appear to support Plaintiff's allegation that he did not receive proper follow-up wound care.  However, as explained in the MOSC, Plaintiff's claim is subject to dismissal because it was filed too late.  The statute of

1

limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008).  The Court therefore applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).   Plaintiff filed his Complaint on May 29, 2020.  It appears Plaintiff's claim accrued in February of 2018, more than two years prior to the filing date of the Complaint, and no grounds for tolling the limitation period are apparent.

As for Plaintiff's claims about mold and the law library, Plaintiff does not provide any response.  Because the conditions Plaintiff describes do not amount to cruel and unusual punishment as required to state an Eighth Amendment claim and because he did not suffer an actual injury as a result of the alleged denial of access to a law library, these claims are subject to dismissal as well.

For the reasons stated herein, Plaintiff's Complaint is dismissed under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as barred by the statute of limitations and for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is dismissed.

**IT IS SO ORDERED.**

**DATED:  This 6th day of November, 2020, at Topeka, Kansas.**

                                    **s/ Sam A. Crow**
                                    **SAM A. CROW**
                                    **U.S. Senior District Judge**